IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

HICA EDUCATION LOAN CORPORATION,

                         Plaintiff,                      OPINION AND ORDER

     v.                                                 12-cv-512-wmc

CHERYL MITTELSTEDT,

                     Defendant.

In this civil action, plaintiff HICA Education Loan Corporation ("HICA") is suing defendant Cheryl Mittelstedt to recover monies owed under a promissory note governed by the United States Health Education Assistance Loan Program ("HEAL").  At least four other district courts have dismissed identical cases filed by HICA for lack of subject matter jurisdiction. *HICA Ed. Loan Corp. v. Danziger*, No. 11 Civ. 1690 (MGC), 2012 WL 3264366 (S.D.N.Y. Aug. 10, 2012); *HICA Ed. Loan Corp. v. Merzenich*, No. CV-12-0412-PHX-FJM, 2012 U.S. Dist. LEXIS 88723 (D. Ariz. June 27, 2012); *HICA Ed. Loan Corp. v. Waters*, No. SACV 11-01262-JST, 2011 U.S. Dist. LEXIS 130385 (C.D. Cal. Nov. 7, 2011); *HICA Ed. Loan Corp. v. McKinney*, No. 10-1205-CV-W-ODS, 2011 U.S. Dist. LEXIS 77716 (W.D. Mo. July 18, 2011).  Upon discovering these cases, the court ordered HICA to file a supplemental brief on the issue of subject matter jurisdiction. HICA has filed a supplemental brief and its motion for default judgment is now before the court.  After review of HICA's supplemental brief, this case will be dismissed for lack of subject matter jurisdiction.

BACKGROUND

In 1985 and 1986, defendant Cheryl Mittelstedt signed promissory notes payable to the Bank of Indiana National Association that totaled $13,976. Mittelstedt defaulted on the loans. On July 7, 2012, plaintiff HICA Educational Loan Corporation (HICA), the current holder of the notes, filed suit to collect the unpaid portion of the notes and interest, which together amounted to $2,548.05 as of August 22, 2012

On September 7, 2012, Magistrate Judge Oppeneer entered default against Mittelstedt for failure to appear, plead or otherwise defend. This court held a telephonic hearing on HICA's motion for default judgment on Wednesday, October 9, 2012. At the hearing, the court raised *sua sponte* the question of whether it had subject matter jurisdiction and directed HICA to file a supplemental brief on the issue.

OPINION

Because federal district courts are courts of limited jurisdiction, the court has "an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1193 (2010). The party seeking to invoke federal jurisdiction bears the burden of establishing that jurisdiction is present. *Smart v. Local 702 Int'l Bhd. of Elec. Workers*, 562 F.3d 798, 802 (7th Cir. 2009). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

In its complaint, HICA asserts that this court has subject matter jurisdiction under 28 U.S.C. § 1331 because HICA seeks "enforcement of an indebtedness arising under the

United States Health Education Assistance Loan (HEAL) Program (42 U.S.C. §§292/294 *et seq.* and the Federal Regulations set forth in 42 C.F.R. Part 60 . . .)." (Cpt., dkt. #1, ¶ 4).   Through the HEAL program, the federal government insures education loans to graduate students in the health fields.   Federal regulations limit, among other things, who make take out HEAL loans, 42 C.F.R. Part 60, Subpart B, what institutions may lend or hold the loans, 42 C.F.R. Part 60, Subpart D, the loan terms, 42 C.F.R. Part 60, Subpart C, and certain aspects of the process for issuing and collecting loans. 42 C.F.R. Part 60, Subpart D.  However, neither HEAL nor the federal regulations create a federal cause of action for nonpayment of a HEAL loan.

Nevertheless, HICA raises two arguments in support of its contention that this case still arises under federal law.   First, HICA argues that the case arises under the HEAL program because Mittelstedt's default violates the requirement in 42 C.F.R. § 60.8(4) that borrowers repay the HEAL loan in accordance with the repayment schedule. Two district courts have relied on this argument to conclude that they had federal question jurisdiction over an action brought by HICA to enforce a HEAL loan.  *HICA Ed. Loan Corp. v. Lepera*, No. 11 Civ. 960 (whw), 2011 WL 3515911 (D.N.J. Aug. 10, 2011) (entering default judgment); *HICA Educ. Loan Corp. v. Morse*, No CIV. 12-2785, 2012 WL 3757051 (D.N.J. Aug. 28, 2012) (same) (citing *Lepera*).   However, the same subsection that requires borrowers to repay the loan according to the repayment schedule lists numerous other rights and responsibilities of borrowers without any hint that borrowers or lenders have a federal cause of action to enforce them.   Moreover, the Supreme Court has held that a violation of federal regulations *alone* is not sufficient to

confer federal jurisdiction. *Merrell Dow Pharmaceuticals Inc. v. Thompson*, 478 U.S. 804 (1986). Although the HEAL loan at issue in this case was regulated by federal law, HICA's cause of action to recover on its promissory note is created by state law.

Second, HICA argues that its state law claim raises a substantial federal question. A claim that rests on state law may "arise under federal law" if the claim "necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Grable & Sons Metal Products, Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005). However, HICA has not identified any specific issue of federal law that is actually disputed, substantial or necessary to resolve their loan dispute. Instead, HICA argues that its case raises substantial federal questions simply because federal law heavily regulates HEAL loans and the federal government secures those loans.

Similar arguments have been rejected by the Supreme Court and the Court of Appeals for the Seventh Circuit. In *Empire Healthchoice Assurance, Inc. v. McVeigh,* 547 U.S. 677 (2006), a private insurer purported to bring a reimbursement claim under a federal employee insurance policy because the policy terms were prescribed by federal regulation and the federal government had a financial interest in the terms of its plans. *Id.* at 690. The Supreme Court rejected this expansion of *Grable*, holding that the fact that federal law would influence the outcome of the parties' contract suit was insufficient to support federal question jurisdiction. *Id.* at 700-01. See also *K2 America Corp. v. Roland Oil & Gas, LLC*, 653 F.3d 1024 (9th Cir. Aug. 5, 2011) (finding no federal

question jurisdiction where a lease was governed "by specific federal statutory and regulatory scheme," but claim did not require resolution of a substantial question).

Finally, the Court of Appeals for the Seventh Circuit relied on and explained *Empire Healthchoice* in *Bennett v. Southwest Airlines Co.*, 484 F.3d 907 (7th Cir. 2007).  In *Bennett,* the defendants argued that the plaintiffs' state law negligence claim based on an airplane crash arose under federal law because federal aviation standards supplied the principal source of rules about safe air transportation.  *Id.* at 909.  The court of appeals rejected the defendants' argument, noting that defendants had not contended "that the resolution of this suit revolves around any *particular* disputed issue of federal law" and it was clear that the dispute would revolve around the application of federal and state rules to disputed factual questions.  *Id.*  Although the federal government had an interest in maintaining uniform minimal aviation standards across several states, that did not render every airline crash case one arising under federal law.  *Id.* at 910-12.

Like the defendants in *Empire Healthchoice* and *Bennett*, HICA argues only that federal law regulates its relationship created by state law and has not identified any particular disputed issue of federal law that would be raised by this suit.  HICA notably failed to cite either *Empire Healthchoice* or *Bennett*, which are controlling precedents that demonstrates conclusively that the court lacks subject matter jurisdiction over plaintiff's claim to recover monies owed on the promissory note.

ORDER

IT IS ORDERED that plaintiff HICA Education Loan Corporation's complaint is

DISMISSED for lack of subject matter jurisdiction.

Entered this 15th day of May 2013.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge

6